# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1647

_____

|  |  |  |
|---|---|---|
| Herbert Heinen, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Kim Tyler Brewer; City of | * | |
| Jefferson City, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  November 20, 1998

Filed:  March 22, 1999

_____

Before McMILLIAN, WOLLMAN, and HANSEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Herbert Heinen appeals from the district court's[1] grant of summary judgment in favor of Chief of Police Kim Tyler Brewer and the city of Jefferson City, Missouri (Defendants), in this 42 U.S.C. § 1983 lawsuit.  We affirm.

_____

[1]The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

# I.

Heinen worked for the Jefferson City Police Department from August of 1978 to October of 1996. During this time, he attained the rank of lieutenant and was considered a merit system employee.

The events leading to Heinen's termination began in August 1996, when Brewer attempted to discuss with Heinen the purchase of new police badges. Heinen became upset and used profanity in response to Brewer's inquiry. As a result of Heinen's confrontational conduct, he received a written reprimand that advised that "any further violations of similar nature [could] be cause for a more severe disciplinary action." Heinen did not contest the reprimand. Instead, he acknowledged the inappropriateness of his actions and apologized.

Heinen subsequently received notice of a predisciplinary hearing to be held on September 13, 1996. The notice accused him of violating the rules and regulations relating to loyalty, insubordination, and inappropriate conduct. At the hearing, Heinen was shown an anonymous letter that was highly critical of Brewer. Heinen denied any involvement with the letter and indicated that he was unfamiliar with its contents. On September 16, 1996, Brewer privately confronted Heinen about the letter. Although Heinen again denied having any knowledge of it, he later admitted knowing that his wife was responsible for writing and distributing the letter.

Brewer decided to discipline Heinen by demoting him to the rank of sergeant and reducing his pay accordingly. Under the proposed disciplinary plan, Heinen would have been eligible for reinstatement after six months. Heinen refused to accept the proposed disciplinary measures. On October 2, 1996, Heinen was told to surrender his badge, identification card, and weapon, and to leave his job for two days.

During the morning of October 4, 1996, Brewer called Heinen and advised him that a meeting would take place that afternoon concerning Heinen's employment. During the meeting, Brewer gave Heinen three documents entitled "Notice," dated October 4, 1996, and signed by Brewer. The first document notified Heinen that no disciplinary action would be taken pursuant to the notice of September 13, 1996. After reading this document to Heinen, Brewer asked Heinen if he had any questions, to which Heinen responded in the negative. Brewer then handed Heinen the second document, which stated that the City had the right to discharge employees at will and that Heinen would have an opportunity to present his side of the story by appearing at a meeting on October 4, 1996, or by delivering written information. After Heinen had read the document, Brewer asked him if he had anything to say or to offer. Heinen responded by asking about his right to a pretermination hearing, to which Brewer replied by saying that Heinen had the right to talk about his termination "right now." Brewer then handed Heinen the third document, along with his final paycheck. This document informed Heinen that he had been terminated "under the City's management rights and its ability to terminate an employee at will." After reading the third document, Heinen asked when the hearing was to be held. The City Administrator replied, "You're in it." Heinen was then instructed to remove his personal items from his locker.

Heinen commenced this lawsuit on October 9, 1996, claiming that he had been deprived of due process in connection with his termination. His termination was rescinded on October 17, 1996, and he was immediately reinstated as a lieutenant with the police force. Shortly after returning to work that day, Heinen was presented with another notice of proposed disciplinary action, which listed several alleged violations of department policies. A pretermination hearing was held on October 22, 1996, which Heinen attended and with respect to which he filed a written response. He was terminated on October 25, 1996, for dishonesty, disloyalty, and violation of department policies.

Following a hearing on December 2, 1996, the Police Personnel Board of Jefferson City voted to uphold the termination. Heinen appealed that decision to the Circuit Court of Cole County, which affirmed the board's decision. Heinen appealed that decision to the Missouri Court of Appeals, which on July 7, 1998, remanded the case for entry of new findings of fact and conclusions of law.

## II.

We review a grant of summary judgment de novo. See Post v. W.R. Harper, 980 F.2d 491, 493 (8th Cir. 1992). We apply the same standard as the district court: whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. Id.; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P. 56(c).

The parties agree that Heinen's status as a merit employee created a property interest in his job that entitled him to due process as a condition precedent to any deprivation of that interest. See Post, 980 F.2d at 493. The question remains what process Heinen was due. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985).

The essential requirements of procedural due process are notice and the opportunity to respond before being discharged. See Loudermill, 470 U.S. at 546. "Before a public employee may be terminated, a pretermination hearing must be provided." Demming v. Housing & Redev. Auth. of Duluth, Minnesota, 66 F.3d 950, 953 (8th Cir. 1995) (citing Loudermill, 470 U.S. at 541). The pretermination hearing serves as an initial check against mistaken terminations. See Loudermill, 470 U.S. at 545. "The tenured public employee is entitled to oral or written notice of the employer's evidence, and an opportunity to present his side of the story." See id. at 546. As to the hearing requirement, the Supreme Court stated:

The foregoing considerations indicate that the pretermination "hearing," though necessary, need not be elaborate. We have pointed out that "the formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings." In general, "something less" than a full evidentiary hearing is sufficient prior to adverse administrative action.

Id. at 545.

Although the October 4 proceedings constituted what might well be characterized as a bare-bones approach to a predeprivation hearing, we conclude that they satisfied the minimal requirements set forth in Loudermill, for as we have noted, the pretermination hearing need not be a formal, adversary one. See Demming, 66 F.3d at 953. In any event, Heinen's reinstatement, coupled with the October 22, 1996, proceedings, constituted an adequate remedy for any pre-hearing deprivation that he may have suffered.

The district court's order is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.